ARNOLDO CASILLAS, ESQ., SBN 158519
CASILLAS & ASSOCIATES
2801 E. Spring Street, Suite 200
Long Beach, CA 90806
Tel: (562) 203-3030; Fax: (323) 725-0350
Email: acasillas@casillaslegal.com

DAVID DO, ESQ., SBN #262430
DO LAW INC.
901 West Civic Center Drive
Suite 200
Santa Ana, CA 92703
Ph: 888.989.1688
Fx: 844.989.6868
E-mail: david@dolawinc.com

Attorneys for Plaintiffs, ESTATE OF BRANDON TRANBERG HOADLEY, by and through his successors in interest Melanie Tranberg and Mark Hoadley; MELANIE TRANBERG and MARK HOADLEY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BRANDON TRANBERG HOADLEY, by and through his successors in interest Melanie Tranberg and Mark Hoadley; MELANIE TRANBERG and MARK HOADLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF GARDENA; CITY OF GARDENA POLICE DEPARTMENT; COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; DOES 1 through 10,<br><br>Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Failure to Protect from Harm, Fourteenth Amendment Violation (42 U.S.C. § 1983)<br>2. Failure to Provide Medical Care, Fourteenth Amendment Violation (42 U.S.C. § 1983)<br>3. Municipal Liability for Unconstitutional Policies, Procedures, Practices and Customs (42 U.S.C. § 1983)<br>4. Interference with Familial Association, Fourteenth Amendment Violation (42 U.S.C. § 1983)<br>5. Wrongful Death/City of Gardena<br>6. Wrongful Death/Los Angeles County<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

COME NOW ESTATE OF BRANDON TRANBERG HOADLEY, by and through his successors in interest Melanie Tranberg and Mark Hoadley; MELANIE TRANBERG and MARK HOADLEY, and allege as follows:

**I.**

**INTRODUCTION**

1.      This civil rights action seeks to establish the true and unequivocal facts surrounding the death of Brandon Tranberg Hoadley and to bring to public light the deliberate disregard for safety of persons housed at the City of Gardena jail carried out by the individual defendants in the present action.

2.      This civil rights action further seeks to establish the violations of fundamental rights under the United States Constitution which resulted in the death of Brandon Tranberg Hoadley on May 19, 2021 and to address the profound loss suffered by his parents.

**II.**

**JURISDICTION AND VENUE**

3.      This action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California.

**III.**

**PENDANT CLAIMS**

5.      With respect to Plaintiffs' supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims.  Plaintiffs have

complied with the California Tort Claims Act requirements for the presentation of claims for damages. With respect to these supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims.

## IV.

## PARTIES

6.      Decedent Brandon Tranberg Hoadley (hereinafter also "decedent") was an individual residing in the County of Los Angeles, in the State of California.  The claims made by the ESTATE OF BRANDON TRANBERG HOADLEY, are brought by Melanie Tranberg and Mark Hoadley, the successors in interest to the Estate of Brandon Tranberg Hoadley, pursuant to California Code of Civil Procedure § 377.32.

7.      Plaintiff Melanie Tranberg, at all times relevant hereto, was a resident of Los Angeles County. She was the natural and lawful mother of Brandon Tranberg Hoadley.

8.      Plaintiff Mark Hoadley, at all times relevant hereto, was a resident of Los Angeles County. He was the natural and lawful father of Brandon Tranberg Hoadley.

9.      Defendant COUNTY OF LOS ANGELES (hereinafter also "COUNTY") is and was, at all relevant times hereto, a public entity, duly organized and existing under and by virtue of the laws of the State of California, with the capacity to sue and be sued. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies.

10.      Defendants DOE 1 through 5 are, and were at all relevant times mentioned herein, were residents of the County of Los Angeles, and were employees of the County of Los Angeles, employed as Sheriff's Department deputies.  At all times relevant hereto, they were acting in the course and scope of said employment

and under color of law. Defendants DOES 1 through 5 are being sued in their individual capacities.

11.     Defendant City of Gardena is and was, at all relevant times hereto, a public entity, duly organized and existing under and by virtue of the laws of the State of California, with the capacity to sue and be sued. Defendant City of Gardena is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies.

12.     Defendant City of Gardena owns, operates, manages, directs and controls Defendant City of Gardena Police Department, also a separate public entity, which employs other Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant City of Gardena was responsible for assuring that the actions, policies, procedures, practices and customs of its employees, including Gardena Police Department employees, complied with the laws and the Constitutions of the United States and of the State of California.  Defendant City of Gardena, through its police department, is and was responsible for ensuring the safety of all persons incarcerated in City of Gardena jail and providing them appropriate medical and mental health treatment. Defendant City of Gardena operates, manages, directs and controls the City of Gardena Police Department, which employs other Doe Defendants in this action. Defendant City of Gardena owns, operates, manages, directs and controls the City of Gardena jail and is and was responsible for ensuring the safety of all persons incarcerated in the jail witr and providing them appropriate medical and mental health treatment.

13.     At all times relevant to the facts alleged herein, Defendant City of Gardena possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the City of Gardena Police Department, including those individuals charged with protecting the health and safety of detainees and arrestees at the City of Gardena jail, including decedent Brandon Tranberg Hoadley. At all times relevant to the facts alleged herein,

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Defendant City of Gardena was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including the employees and agents that worked at its jail, complied with the laws and the Constitutions of the United States and of the State of California.

14.     Defendants DOE 6 through 10 are, and were at all relevant times mentioned herein, were residents of the county of Los Angeles, and were employees of defendant City of Gardena and its police department, employed as officers of the Gardena police department.  At all times relevant hereto, they were acting in the course and scope of said employment and under color of law.

15.     Defendants DOES 6 through 10 were assigned to work at the City of Gardena jail and were responsible for carrying out City of Gardena Police Department policies and procedures and for ensuring the safety of inmates at the City of Gardena jail. Defendants DOES 6 through 10 were assigned to work as the police and custodial staff of the City of Gardena jail.  They were also responsible for the proper housing and classification of City of Gardena jail inmates, including decedent Brandon Tranberg Hoadley,  and they were responsible for the safety of inmates housed at the  City of Gardena jail, the periodic cell checks of inmates, the supervision of inmates, the provision of mental health care services to inmates, and, in general, the protection of City of Gardena jail inmates, including decedent Brandon Tranberg Hoadley.  Said defendants were also responsible for the promulgation of the policies, procedures, and allowance of the practices and customs, pursuant to which the acts of the employees of City of Gardena jail, alleged herein, were committed. Defendants DOES 6 through 10 are being sued in their individual capacities.

16.     The true names of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the

fictitiously named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

17.   Defendants DOES 6 through 10 were employees of Defendant City of Gardena and are being sued in their individual capacities, and, at all times mentioned herein said Defendants were acting in the course and scope of their employment with Defendant City of Gardena which is liable under the doctrine of *respondeat superior* pursuant to California Government Code § 815.2.

18.   Each of the Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control.  Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained.  Each of the Defendants is the agent of the other.

**V.**

**FACTS COMMON TO ALL CAUSES OF ACTION**

19.   On May 19, 2021, Brandon Tranberg Hoadley was detained and arrested by DOES 1 through 5, deputies from the Los Angeles County Sheriff's Department.

20.   The deputies determined that Brandon Tranberg Hoadley should be transported to the City of Gardena Police Department based on allegations of criminal

conduct.  In investigating these allegations, the deputies learned that Brandon Tranberg Hoadley was suicidal and under the care of a therapist or mental health professional.

21.    The deputies transported Brandon Tranberg Hoadley to the City of Gardena Police Department jail in Gardena, California.

22.    Defendants DOES 1 through 5, the transferring deputies, informed the police officers and custody staff (DOES 6 through 10) at the jail that Brandon Tranberg Hoadley was suicidal and that he was under the care of a therapist and/or a mental health professional.

23.    The City of Gardena police officers and jail custody (DOES 6 through 10) staff took custody of Brandon Tranberg Hoadley from the deputies.

24.    While Brandon Tranberg Hoadley was in custody as a pre-conviction detainee at the City of Gardena Police Department, and since his arrival at this facility, custody and medical personnel learned that Brandon Tranberg Hoadley was mentally ill and/or suicidal and unable to care for himself or to engage in self-harm.  Said defendants were responsible for his well-being and for his safety under the laws and regulations of the State of California and the policies, procedures and rules of the City of Gardena Police Department.

25.    Defendants DOES 6 through 10, ignored or otherwise disregarded the information about Brandon Tranberg Hoadley's suicidal state and that he was under the care of a therapist or mental health specialist.  They failed to meaningfully interview him to determine if he was experiencing suicidal thoughts, was inclined to harm himself or had a history of self-injurious behavior or had attempted suicide.

26.    Defendants DOES 6 through 10 were required by the City of Gardena Jail Manual to place Brandon Tranberg Hoadley on suicide watch, bring him to the booking cell and keep him under visual observation until arrangements could be made for transfer to County Jail.

27.     Instead, they placed him in cell where he could not be properly monitored, and they failed to visually monitor him. Thereafter, the custody staff failed to take reasonable measures to care for, monitor and or otherwise care for Brandon Tranberg Hoadley and allowed and/or negligently permitted him to commit suicide in their custody.

28.     The death of Brandon Tranberg Hoadley was also a result of the following circumstances and conditions at the City of Gardena Police Department Jail:

a.     a failure to implement reasonable policies and procedures for the detection of incoming inmates/persons who are suicidal or intend to engage in self-harm,

b.     a failure to train jail/custody staff and officers as to reasonable policies and procedures for the detection of incoming inmates/persons who are suicidal or intend to engage in self-harm,

c.     a failure to train jail/custody staff and officers as to the proper and safe monitoring of persons/inmates who are suicidal or intend to engage in self-harm, and

d.     a failure to comply with the safety check regulations established in the California Code of Regulations, Title 15. Crime Prevention and Corrections Division 1, Chapter 1, Subchapter 4.

29.     After detecting that Brandon Tranberg Hoadley had attempted suicide, the City of Gardena Police Department custody staff (DOES 6 through 10)  and/or their supervisors intentionally, recklessly and/or with deliberate indifference failed to take reasonable action to summon timely medical care for Brandon Tranberg Hoadley, despite knowing that he was in need of immediate medical care, in violation of Government Code § 845.6.

30.     Before the arrival of emergency medical personnel, Brandon Tranberg Hoadley received negligent medical care and treatment by the City of Gardena Police

Department custody staff (DOES 6 through 10) and/or their supervisors that was inadequate and below the standard of care constituting professional negligence under California law.

31.   At all times herein mentioned, defendant City of Gardena and its police department were responsible for the hiring, training and supervision of their employees, agents, servants, and independent contractors and defendant City of Gardena is vicariously liable for the conduct of these employees under the applicable sections of the California Government Code, including but not limited to sections 815.2 and 815.3.

32.   The City of Gardena Police negligently investigated, hired, trained, evaluated, re-trained, and retained the custody staff who was responsible for the Brandon Tranberg Hoadley, and knew, or should have known, that they were not capable nor competent to safely carry out the various duties and responsibilities designated to them as custody staff.

33.   Defendants City of Gardena, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, protection and constitutional and statutory rights of Brandon Tranberg Hoadley and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied costums or practices of, among other things,

    a.   Selecting, retaining and assigning officers to their jails who exhibit deliberate indifference and reckless disregard for the safety, security and constitutional and statutory rights of detainees, arrestees and inmates who exhibit vulnerabilities due to medical, mental health, and disabilities;

    b.   Subjecting persons in their jails to isolation where visual monitoring is required;

    c.   Failing to take adequate safety measures to protect detainees, arrestees and inmates from unnecessary harm, including self-harm and suicide,

d.  Failing to adequately train, supervise, and control deputies in the duties, skills and arts of law enforcement;

e.  Failing to adequately discipline officers involved in misconduct; and

f.  Condoning and encouraging officers in the belief that they can violate the rights of persons such as the Plaintiffs in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

34.  Defendants City of Gardena and DOES 6 through 10 acted with deliberate indifference and reckless disregard toward decedent Brandon Tranberg Hoadley's right to be protected and safe while housed at the Gardena City jail, and afforded due process of law by, among other things, the following acts:

a.  Placing decedent Brandon Tranberg Hoadley, a vulnerable detainee with identified mental health concerns, in an unmonitored cell and not watching and protecting him in compliance with Title 15;

b.  Placing decedent Brandon Tranberg Hoadley, a vulnerable detainee with identified mental health concerns, in a cell with other detainees, arrestees and inmates under circumstances which were conducive to violence and self-harm;

c.  Causing decedent Brandon Tranberg Hoadley, to remain in the cell which contained the means for him to commit self-harm, including his clothing, bedding, hanging points, and other means by which he could commit suicide; and

d.  Not observing or protecting decedent Brandon Tranberg Hoadley, or otherwise standing by and allowing him to remain unsupervised/unmonitored for an unreasonable period of time, resulting in Brandon Tranberg Hoadley committing suicide.

35.  Plaintiffs are informed and believe, and on the basis of such information and belief alleges, that Defendants City of Gardena ordered, authorized, acquiesced

in, tolerated, or permitted other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs set forth in the preceding paragraphs. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiffs.

36.     Plaintiffs are informed and believe that DOES 6 through 10 recklessly and with deliberate indifference, failed to immediately and appropriately respond to Brandon Tranberg Hoadley once they suspected that he had engaged in self-harm for an extended period of time, causing decedent Brandon Tranberg Hoadley to suffer serious injuries and death.

37.     Plaintiffs are informed and believe that DOES 6 through 10, intentionally, recklessly and with deliberate indifference, failed to take immediate action to summon medical care for decedent Brandon Tranberg Hoadley, despite knowing he was in need of immediate medical care.

38.     Defendants have been on notice for years that their provision of medical and mental health treatment to inmates is inadequate and results in needless harm and death.

39.     Welfare and safety checks by custody and mental health staff, when done correctly, are an important part of protecting inmates in the City of Gardena jails from harm, including from suicide. Defendants City of Gardena and the City of Gardena Police Department knew that health and welfare checks conducted in units were part of violence prevention programs and that such checks were necessary for suicide prevention.

40.     Prior to the death of Brandon Tranberg Hoadley, Defendant City of Gardena was aware that there was a problem with custody staff actually performing required welfare and safety checks, isolating suicidal inmates/detainees, failing to perform adequate welfare and safety checks and/or failing to take adequate measures

to protect suicidal inmates/detainees.

41.    Defendants' actions and omissions directly placed decedent Brandon Tranberg Hoadley at substantial risk of the grievous and tragic harm that ultimately occurred.

42.    As a direct and proximate cause to Defendants' actions and omissions, decedent Brandon Tranberg Hoadley died.

**VI.**

**SPECIAL ALTERNATE ALLEGATIONS REGARDING DEFENDANT COUNTY OF LOS ANGELES AND DOES 1 THROUGH 5**

Plaintiffs alternatively allege as follows:

43.    On May 19, 2021, Brandon Tranberg Hoadley was detained and/or arrested by deputies, DOES 1 through 5, from the Los Angeles County Sheriff's Department.

44.    The deputies determined that Brandon Tranberg Hoadley should be transported to the City of Gardena Police Department based on allegations of criminal conduct.  In investigating these allegations and before taking him into custody, the deputies learned that Brandon Tranberg Hoadley was suicidal and under the care of a therapist or mental health professional.  They questioned Brandon Tranberg Hoadley and confirmed that he was suicidal and that he was under the care of a therapist or mental health specialist.  Upon learning this, DOES 1 through 5, concluded that he would require special monitoring to prevent harm to him.  DOES 1 though 5, like all LASD deputies, had undergone extensive training in the LASD custody division prior to being assigned to a patrol assignment.  In that training and in their custody assignments, DOES 1 through 5, were taught by the LASD that suicidal inmates, inmates with mental illness and inmates that are under the care of a mental health professional require special observation while in custody to ensure that they do not commit self-harm or suicide.

///

45.     The deputies transported Brandon Tranberg Hoadley to the City of Gardena Police Department jail in Gardena, California.

46.     Despite their knowledge regarding Brandon Tranberg Hoadley's condition, DOES 1 through 5 failed to inform the police officers and custody staff at the City of Gardena jail that Brandon Tranberg Hoadley was suicidal and that he was under the care of a therapist and/or a mental health professional.

47.     Defendants DOES 1 through 5 knew, or should have known, that this information was vital to the safe detention of Brandon Tranberg Hoadley.  Because of these omissions, the custody staff at the city of Gardena jail failed to properly classify, monitor and attend to Brandon Tranberg Hoadley so as to prevent his death.

48.     Defendant County of Los Angeles is vicariously liable for the conduct of these employees under the applicable sections of the California Government Code, including but not limited to sections 815.2 and 815.3.

49.     Defendants County of Los Angeles and LASD also negligently investigated, hired, trained, evaluated, re-trained, and retained the deputies who detained/arrested and transported Brandon Tranberg Hoadley, and knew, or should have known, that they were not capable nor competent to safely carry out the various duties and responsibilities designated to them as LASD deputies.

**VII.**

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**Failure to Protect from Harm,**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983)**

**As Against Defendants City of Gardena and DOES 6 through 10**

50.     Plaintiff ESTATE OF BRANDON TRANBERG HOADLEY, by and through his successor in interest, MELANIE TRANBERG and MARK HOADLEY, realleges and incorporates the foregoing paragraphs as if set forth herein.

51.     By the actions and omissions described above, Defendants DOES 6 through 10 deprived Brandon Tranberg Hoadley of the right to have his safety and life protected while in the custody of Defendants City of Gardena and the City of Gardena Police Department as secured by the Fourteenth Amendment, by subjecting him, or through their deliberate indifference, allowing others to subject him, to a deprivation of these rights to be protected, proximately causing his death.

52.     "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989). Indeed, detainees in jails and prisons are "restricted in their ability to fend for themselves" and are, therefore, far more vulnerable than the general population. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996). It is long settled that "prison officials have a duty … to protect prisoners from violence at the hands of other prisoners" because corrections officers have "stripped [the inmates] of virtually every means of self-protection and foreclosed their access to outside aid." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks omitted). The risk of inmate-on-inmate violence in the prison setting is well known.  Custodial staff, including deputies, lieutenants, sergeants, and correctional officers are not permitted to "bury their heads in the sand" and ignore these obvious risks to the inmate populations that they have an affirmative duty to protect. *See Walton v. Dawson*, 752 F.3d 1109, 1119 (8th Cir. 2014)

53.     Defendants DOES 6 through 10, which included the custodial and mental health staff of the jail operated by defendants City of Gardena and the City of Gardena Police Department, knew or had reason to know that Brandon Tranberg Hoadley was suicidal and prone to self-harm.

54.     At the time Brandon Tranberg Hoadley was accepted into custody, defendants City of Gardena, City of Gardena Police Department and DOES 6 through 10 had a duty to protect and monitor him.

55.     By the actions and omissions described above, Defendants City of Gardena, City of Gardena Police Department and DOES 6 through 10 violated 42 U.S.C. § 1983, depriving Brandon Tranberg Hoadley of the right to be safe and secure while in custody, as well as the right to one's liberty in bodily integrity, as secured by the Fourteenth Amendment.

56.     The listed Defendants' failure to intervene in and prevent these constitutional violations, when Defendants were in a position to so intervene when such violations were occurring, also renders such Defendants liable for these violations.

57.     Defendants subjected Brandon Tranberg Hoadley to their wrongful conduct, depriving Brandon Tranberg Hoadley and of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Brandon Tranberg Hoadley others would be violated by their acts and/or omissions.

58.     As a proximate result of the foregoing wrongful acts and/or omissions, Brandon Tranberg Hoadley sustained injuries and damages and died as a result of said injuries, as set forth above. Plaintiff ESTATE OF BRANDON TRANBERG HOADLEY is therefore entitled to general and compensatory damages in an amount to be proven at trial.

59.     In committing the acts alleged above, Defendants DOES 6 through 10, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of decedent Brandon Tranberg Hoadley, and by reason thereof, Plaintiff  ESTATE OF BRANDON TRANBERG HOADLEY is entitled to punitive damages and penalties allowable under 42 U.S.C. § 1983, California Code of Civil Procedure §§ 377.20 et seq, and other state and federal law against these individual Defendants; no punitive damages are sought directly against Defendants City of Gardena and City of Gardena Police Department.

60.     Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

### SECOND CLAIM FOR RELIEF

**Deliberate Indifference to Serious Medical and Mental Health Needs,**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983)**

**As Against Defendants City of Gardena, City of Gardena Police Department DOES 6 through 10**

61.     Plaintiff ESTATE OF BRANDON TRANBERG HOADLEY, by and through his successor in interest, MELANIE TRANBERG and MARK HOADLEY, realleges and incorporates the foregoing paragraphs as if set forth herein.

62.     Defendants DOES 6 through 10, which included the custodial staff at the Gardena City jail, were on notice that their deficient policies, procedures, and practices alleged herein created substantial risk of serious harm, including suicide, to Brandon Tranberg Hoadley, a mentally ill inmate.

63.     Each Defendant could have taken action to prevent unnecessary harm to Brandon Tranberg Hoadley but refused or failed to do so.

64.     Said defendants placed Brandon Tranberg Hoadley in a position of vulnerability and danger, and upon information and belief, his symptoms, left untreated, foreseeably manifested, causing Brandon Tranberg Hoadley in this setting to commit suicide.

65.     Defendants City of Gardena and City of Gardena Police Department failed to properly train and supervise the custodial staff of the City of Gardena jail regarding policies, procedures, and practices necessary for the protection of inmates from harm, including self-harm and suicide.

66.     Defendants City of Gardena's and City of Gardena Police Department's failure to correct their policies, procedures, and practices, or to properly and

meaningfully implement them, despite notice of significant and dangerous problems evidences deliberate indifference to the inmates in their care.

67.     Defendants DOES 6 through 10 allowed Brandon Tranberg Hoadley to be housed in a cell where it was known that Brandon Tranberg Hoadley could commit self-harm or suicide through the use of his clothing, the bedding in the cell, other materials in the cell, the hanging points in the cell and other appurtenances in the cell,  directly placed Brandon Tranberg Hoadley at a substantial risk of serious harm, including self-harm and suicide.

68.     As a proximate result of the foregoing wrongful acts and/or omissions, Brandon Tranberg Hoadley sustained injuries and damages and death, as set forth above. ESTATE OF BRANDON TRANBERG HOADLEY is therefore entitled to general and compensatory damages in an amount to be proven at trial.

69.     In committing the acts alleged above, Defendants DOES 6 through 10, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of decedent Brandon Tranberg Hoadley, and by reason thereof, Plaintiff  ESTATE OF BRANDON TRANBERG HOADLEY is entitled to punitive damages and penalties allowable under 42 U.S.C. § 1983, California Code of Civil Procedure §§ 377.20 et seq, and other state and federal law against these individual Defendants; no punitive damages are sought directly against Defendants City of Gardena and City of Gardena Police Department.

70.     Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

<u>**THIRD CLAIM FOR RELIEF**</u>

**Municipal Liability for Unconstitutional**

**Policies, Procedures, Practices and Customs**

**(42 U.S.C. § 1983)**

**As Against Defendants City of Gardena**

**and City of Gardena Police Department**

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

71.     Plaintiff ESTATE OF BRANDON TRANBERG HOADLEY, by and through his successor in interest, MELANIE TRANBERG and MARK HOADLEY, realleges and incorporates the foregoing paragraphs as if set forth herein.

72.     On and before May 19, 2021, and prior to the death of Brandon Tranberg Hoadley, Defendants City of Gardena and City of Gardena Police Department, were aware that Defendants DOES 6 through 10, which included the custodial staff of their City jail had engaged in a custom and practice of callous and reckless disregard for the health and safety of suicidal and mentally ill inmates and detainees as summarized in the paragraphs above.

73.     Defendants City of Gardena and City of Gardena Police Department, acting with deliberate indifference to the rights and liberties of those persons who would become inmates in their jail, and of Brandon Tranberg Hoadley, and of persons in Brandon Tranberg Hoadley's class, situation and comparable position in particular, knowingly maintained, ratified, enforced and applied the customs and practices described herein above.

74.     By reason of the aforementioned customs and practices, Brandon Tranberg Hoadley was severely injured and subjected to pain and suffering, resulting in his death, as alleged above in the First and Second Claims for Relief.

75.     Defendants City of Gardena and City of Gardena Police Department, with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condoned, tolerated and through actions and inactions thereby ratified such customs and practices.  Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Brandon Tranberg Hoadley and other individuals similarly situated.

76.     The practices and customs implemented, ratified and condoned were affirmatively linked to and were a significantly influential force behind the injuries to and death of Brandon Tranberg Hoadley.

77.     By reason of the aforementioned unconstitutional customs and practices, Brandon Tranberg Hoadley was placed in an unmonitored cell with the means to commit self-harm and suicide.  Thereafter, after he was left in that cell without the required monitoring, Brandon Tranberg Hoadley committed self-harm and acts of suicide.

78.     Defendants City of Gardena and City of Gardena Police Department failed to ensure that Brandon Tranberg Hoadley was properly and appropriately assessed and classified so as to ensure his safet.

79.     The Defendants' actions and omissions and the classification and housing of Brandon Tranberg Hoadley was contrary to generally accepted custodial classification and housing practices, causing the death of Brandon Tranberg Hoadley.

80.      Defendants City of Gardena and City of Gardena Police Department knew or reasonably should have known that their custody staff were violating clearly established law and/or City of Gardena Police Department policy and/or were acting negligently pertaining to the classification and housing of inmates by, inter alia, being deliberately indifferent to the record of past conduct of inmates before celling them with other inmates, being deliberately indifferent to the mental health status of inmates before celling them with other inmates, being deliberately indifferent to the fact that an inmate has been designated a single-cell inmate, and/or and knew, should have known, or had reason to know that their conduct would deprive the plaintiff of his constitutional rights to, inter alia, life and liberty, and each defendant failed to act to prevent custody staff from engaging in such conduct.

///

///

///

**FOURTH CLAIM FOR RELIEF**

**Interference with Familial Association,**

**Violation of Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983)**

**As Against Defendants City of Gardena,**

**City of Gardena Police Department and DOES 6 through 10**

81.    Plaintiff MELANIE TRANBERG and MARK HOADLEY reallege and incorporate the foregoing paragraphs as if set forth herein.

82.    This claim is brought pursuant to 42 U.S.C. §1983 for violation of Plaintiff MELANIE TRANBERG's and MARK HOADLEY's rights under the Fourteenth Amendment.

83.    Pursuant to the Fourteenth Amendment to the United States Constitution, all persons the right to be free from unlawful state interference with their familial relations, and 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

84.    As a result of the misconduct of Defendants City of Gardena and City of Gardena Police Department and DOES 6 through 10, which included the custodial and staff of Defendants City of Gardena and City of Gardena Police Department's jail, and as a result of the unconstitutional customs and practices of Defendants City of Gardena and City of Gardena Police Department as alleged above, decedent Brandon Tranberg Hoadley  suffered the violation of his civil rights and his resulting death,  thus violating Plaintiff's rights to familial integrity and association and their rights to be free from government interference in their relationship with their son, Brandon Tranberg Hoadley.

85.    The conduct of Defendants City of Gardena and City of Gardena Police Department and DOES 6 through 10 was the direct and proximate cause of the death of Brandon Tranberg Hoadley. As a result of the conduct of said defendants, Plaintiff

MELANIE TRANBERG and MARK HOADLEY lost their son Brandon Tranberg Hoadley, as well as his love, affection, society and moral support.

86.     In committing the acts alleged above, Defendants DOES 6 through 10, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Brandon Tranberg Hoadley, and by reason thereof, the present plaintiffs are entitled to punitive/exemplary damages and penalties against the individual Defendants.

## FIFTH CLAIM FOR RELIEF

### Wrongful Death

### As Against Defendants City of Gardena

### and DOES 6 through 10

87.     Plaintiff MELANIE TRANBERG and MARK HOADLEY reallege and incorporate the foregoing paragraphs as if set forth herein.

88.     At all material times, Defendants DOES 6 to 10, owed Brandon Tranberg Hoadley the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

89.     At all material times, DOES 6 through 10 owed Brandon Tranberg Hoadley the duty to act with reasonable care.

90.     These general duties of reasonable care and due care owed Brandon Tranberg Hoadley by all Defendants include, but are not limited, to the following specific obligations:

a.     To provide safe and appropriate custody at the City of Gardena Police Department jail for Brandon Tranberg Hoadley, including reasonable classification, monitoring, and housing, and ensuring proper cell checks, supervision, and monitoring;

b.     To obey federal law, Supreme Court and Ninth Circuit precedent, and Court Orders for the care and safety of inmates, such as Brandon Tranberg Hoadley;

c. To use generally accepted prison, custodial, institutional, law enforcement, and other inmate-safety-ensuring procedures that are reasonable and appropriate for Brandon Tranberg Hoadley's status and history as an inmate with mental health needs;

d. To refrain from abusing their authority granted to them by law; and,

e. To refrain from violating Brandon Tranberg Hoadley's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

91. By the acts and omissions set forth more fully in the paragraphs above, Defendants acted intentionally and/or negligently and breached their duty of due care owed to Brandon Tranberg Hoadley, which foreseeably resulted in the suffering of damages by Plaintiff MELANIE TRANBERG and MARK HOADLEY.

92. Defendants, through their acts and omissions, breached the aforementioned duties owed to Brandon Tranberg Hoadley, and such breach proximately led to the death of Brandon Tranberg Hoadley.

93. On information and belief, Defendants DOES 6 through 10 all of which were custodial staff at the City of Gardena jail, acted with deliberate indifference and/or negligence by failing to properly monitor Brandon Tranberg Hoadley, failing to prevent Brandon Tranberg Hoadley from committing self-harm or suicide.

94. Defendants City of Gardena and City of Gardena Police Department had a duty to hire, supervise, train, and retain employees and/or agents so that employees and/or agents refrained from the conduct and/or omissions alleged herein.

95. Defendants City of Gardena and City of Gardena Police Department breached this duty, causing the conduct alleged herein. Such breach constituted negligent hiring, supervision, training, and retention under the laws of the State of California.

96. As a direct and proximate result of the failure of Defendants City of Gardena and City of Gardena Police Department and DOES 6 through 10 to carry out

their duty to hire, supervise, train, and retain employees and/or agents so that employees and/or agents refrained from the conduct and/or omissions alleged herein, Plaintiffs suffered injuries and damages as alleged herein.

97.     As a direct and proximate result of the conduct of Defendants City of Gardena and City of Gardena Police Department and DOES 6 through 10 as alleged above, Brandon Tranberg Hoadley suffered serious injuries and lost his life. Plaintiffs MELANIE TRANBERG and MARK HOADLEY have been deprived of the life-long comfort, society, support and care of Brandon Tranberg Hoadley, and will continue to be so deprived for the remainder of her natural life.

98.     At all times mentioned herein, Defendants DOES 6 through 10 were acting in the course and scope of their employment with Defendants City of Gardena which is vicariously liable under the doctrine of *respondeat superior* pursuant to California Government Code § 815.2.

## SIXTH CLAIM FOR RELIEF
### Wrongful Death
### As Against Defendants County of Los Angeles and DOES 1 through 5

99.     Plaintiff MELANIE TRANBERG and MARK HOADLEY reallege and incorporate the foregoing paragraphs, especially the facts alleged in section VI above, as if set forth herein.

100.   At all material times, Defendants DOES 1 to 5, owed Brandon Tranberg Hoadley the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

101.   At all material times, each Defendant owed Brandon Tranberg Hoadley the duty to act with reasonable care

102.   Defendants DOES 1 through 5, learned that Brandon Tranberg Hoadley was suicidal and under the care of a mental health specialist.  Further, they knew – or should have known – that he needed mental health care, that being placed in an unmonitored custody setting would cause him to engage in self-harm or commit

suicide, and that it was imperative to communicate Brandon Tranberg Hoadley's mental state to custody staff at the City of Gardena jail so that they could properly classify him and take reasonable and necessary measures to protect Brandon Tranberg Hoadley.

103.   Despite these duties and this information, DOES 1 through 5 intentionally or negligently failed to inform the custody staff at the City of Gardena jail that Brandon Tranberg Hoadley was mentally ill, suicidal, prone to self-harm and under the care of a therapist or mental health specialist.

104.   Defendants DOES 1 through 5 knew, or should have known, that this information was vital to the safe detention of Brandon Tranberg Hoadley.  Because of these omissions, the custody staff at the city of Gardena jail failed to properly classify, monitor and attend to Brandon Tranberg Hoadley so as to prevent his death.

105.   As a direct and proximate result of the acts, omissions and negligence of the DOES 1 through 5, Brandon Tranberg Hoadley died, and  his parents, the present plaintiffs, were caused to suffer the loss of his love, affection, society and companionship.

106.   Defendant County of Los Angeles is vicariously liable for the conduct of these employees under the applicable sections of the California Government Code, including but not limited to sections 815.2 and 815.3.

107.   Defendants County of Los Angeles and LASD also negligently investigated, hired, trained, evaluated, re-trained, and retained the deputies who detained/arrested and transported Brandon Tranberg Hoadley, and knew, or should have known, that they were not capable nor competent to safely carry out the various duties and responsibilities designated to them as LASD deputies

108.   By the acts and omissions set forth more fully in the paragraphs above, said defendants acted intentionally and/or negligently and breached their duty of due care owed to Brandon Tranberg Hoadley, which foreseeably resulted in the suffering of damages by Plaintiff MELANIE TRANBERG and MARK HOADLEY.

109.   Said defendants, through their acts and omissions, breached the aforementioned duties owed to Brandon Tranberg Hoadley, and such breach proximately led to the death of Brandon Tranberg Hoadley.

110.   On information and belief, Defendants DOES 1 through 5 all of which were employees of defendant County of Los Angeles, acted with deliberate indifference and/or negligence by failing to prevent Brandon Tranberg Hoadley from committing self-harm or suicide.

111.   Defendant County of Los Angeles had a duty to hire, supervise, train, and retain employees and/or agents so that such employees and/or agents refrained from the conduct and/or omissions alleged herein.  Defendant County of Los Angeles breached this duty, causing the conduct alleged herein. Such breach constituted negligent hiring, supervision, training, and retention under the laws of the State of California.

112.   As a direct and proximate result of the failure of defendant County of Los Angeles to carry out its duty to hire, supervise, train, and retain employees and/or agents so that employees and/or agents refrained from the conduct and/or omissions alleged herein, Plaintiffs suffered injuries and damages as alleged herein.

113.   As a direct and proximate result of the conduct of defendant County of Los Angeles and DOES 1 through 5 as alleged above, Brandon Tranberg Hoadley suffered serious injuries and lost his life.  Plaintiff MELANIE TRANBERG and MARK HOADLEY have been deprived of the life-long comfort, society, support and care of Brandon Tranberg Hoadley, and will continue to be so deprived for the remainder of her natural life.

114.   At all times mentioned herein, Defendants DOES 1 through 5 were acting in the course and scope of their employment with defendant County of Los Angeles which is vicariously liable under the doctrine of *respondeat superior* pursuant to California Government Code § 815.2.

# VIII.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

1.     Compensatory damages in an amount according to proof, which is fair, just, and reasonable;

2.     Punitive and exemplary damages under federal law and California law, in an amount according to proof and in an amount, which is fair, just, and reasonable against each individual Defendant, except the municipal Defendants;

3.     All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§ 377.20 *et seq.*, 377.60 *et seq.*, and 1021.5, and as otherwise may be allowed by California and/or federal law; and

4.     For such other and further relief as the Court deems just and proper.


Dated: April 7, 2022                              CASILLAS & ASSOCIATES


                                                              By:     */s/ Arnoldo Casillas*     _
                                                              ARNOLDO CASILLAS
                                                              Attorneys for Plaintiffs, ESTATE OF
                                                              BRANDON TRANBERG HOADLEY, by and
                                                              through his successors in interest Melanie
                                                              Tranberg and Mark Hoadley; MELANIE
                                                              TRANBERG and MARK HOADLEY

Dated: March 15, 2022                          DO LAW INC.


                                                              By:     */s/ David Do*            _
                                                              DAVID DO
                                                              Attorneys for Plaintiffs, ESTATE OF
                                                              BRANDON TRANBERG HOADLEY, by and
                                                              through his successors in interest Melanie
                                                              Tranberg and Mark Hoadley; MELANIE
                                                              TRANBERG and MARK HOADLEY

**DEMAND FOR JURY TRIAL**

Plaintiffs ESTATE OF BRANDON TRANBERG HOADLEY, by and through his successor in interest Melanie Tranberg and Mark Hoadley; MELANIE TRANBERG and MARK HOADLEY, hereby respectfully demand a jury trial in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 7, 2022                     CASILLAS & ASSOCIATES

                                         By:  ___/s/ Arnoldo Casillas___
                                         ARNOLDO CASILLAS
                                         Attorneys for Plaintiffs, ESTATE OF
                                         BRANDON TRANBERG HOADLEY, by and
                                         through his successors in interest Melanie
                                         Tranberg and Mark Hoadley; MELANIE
                                         TRANBERG and MARK HOADLEY

Dated: March 15, 2022                    DO LAW INC.

                                         By:  ___/s/ David Do___
                                         DAVID DO
                                         Attorneys for Plaintiffs, ESTATE OF
                                         BRANDON TRANBERG HOADLEY, by and
                                         through his successors in interest Melanie
                                         Tranberg and Mark Hoadley; MELANIE
                                         TRANBERG and MARK HOADLEY